UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF SOLANO COUNTY,<br><br>    Respondent. | No. 2:23-cv-2511 DB P<br><br><br>ORDER |

Petitioner, an inmate at the Solano County Justice Center Detention Facility, proceeds pro se and seeks habeas corpus relief 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis. (ECF No. 2.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. The application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner has also requested the appointment of counsel. (ECF No. 5.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

////

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Here, petitioner left blank the verification on the petition and has not signed under penalty of perjury. (See ECF No. 1 at 15.) A petition for writ of habeas corpus must "be signed under penalty of perjury by the petitioner…." Rule 2(c)(1), Rules Governing Section 2254 Cases. Petitioner will have an opportunity to sign and verify a first amended petition. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (holding that district court may refuse to file, or may dismiss, an unverified petition).

In addition, upon screening the petition, the court finds the petition fails to state a basis on which habeas relief may be granted. A petition must "state the facts supporting each ground [for relief]." Rule 2(c)(2), Rules Governing Section 2254 Cases. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4, Rules Governing Section 2254 Cases; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In this instance, the petition presents raises four very cursory grounds for relief which do not meet the applicable pleading standards. Petitioner's first ground is "Fundamental Constitutional violation… of Peace and Friendship Treaty between U.S. and Morrocco [*sic*]." (ECF No. 1 at 5.) Petitioner's second ground is "Suppression of Evidence" with the only supporting facts stating as follows: "All requests made by defendant were denied. Not one request was granted, not discovery which is a Fourteenth Amendment violation. Request for mental health information was also denied." (Id. at 7.) Petitioner's third ground states only "Cruel and unusual punishment, Bail Review. Judge denied request and refused to review." (Id. at 8.) Petitioner's fourth ground is "Fourteenth Amendment violation," with the only supporting facts

stating "Serious due process issues exist. Failure to review failure to respond without a procedural default." (Id. at 10.)

The petition does not give fair notice of petitioner's claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement" than what is required in ordinary civil proceedings.). To be clear, the petition is sufficiently short, but it does not set forth the factual and legal elements of the claims. Allegations in a petition that are vague, conclusory, or palpably incredible, and unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Because the petition does not comply with the applicable pleading standards, the petition must be dismissed. Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's request for appointment of counsel (ECF No. 5) is denied without prejudice to renewal of the motion at a later stage of the proceedings.

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

5. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated:  December 5, 2023

DLB7
walk2511.114

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3