UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF SOLONO COUNTY,<br><br>    Respondent. | No. 2:23-cv-02511 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner, proceeds pro se and seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner was granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

    On December 5, 2023, the court granted petitioner leave to proceed in forma pauperis, screened the initial petition filed in this case, and determined it failed to give fair notice of any claims. (ECF No. 18.) The first amended petition is before the court for screening. (ECF No. 25.) After reviewing the first amended petition, the court finds it should be dismissed without prejudice because petitioner has failed to exhaust administrative remedies.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).

After reviewing the petition for habeas corpus, the court finds that petitioner failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court and disposed of on the merits. The court first notes petitioner checked the box to indicate petitioner "appeal[ed] to the highest state court… the result of any action taken on any [listed] petition, application, or motion[.]" (ECF No. 25 at 3.) However, the other allegations in the first amended petition demonstrate petitioner has not received a decision on the merits from the California Supreme Court on the claims presented. Specifically, all appeals and petitions petitioner has submitted in the state courts are still pending. (Id. at 2-3.) Petitioner still has available state court remedies in the California Supreme Court for the claims presented, and the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

////

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
walk2511.103